United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Cassandra Sherese Carey  
       Debtor

Case No. 15-13763-ref  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: Angela     Page 1 of 1     Date Rcvd: Aug 10, 2017  
                 Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 12, 2017.  
db           +Cassandra Sherese Carey,    1089 Pat Court,    Allentown, PA 18103-5335

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 12, 2017                                         Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 10, 2017 at the address(es) listed below:  
        CELINE P. DERKRIKORIAN    on behalf of Creditor    Bank Of America N.A. ecfmail@mwc-law.com  
        DENISE ELIZABETH CARLON    on behalf of Creditor    Wilmington Savings Fund Society, FSB, Et Al...  
         bkgroup@kmllawgroup.com  
        FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com  
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Wilmington Savings Fund Society, FSB, Et Al...  
         bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com  
        LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,  
         ecf_frpa@trustee13.com  
        MATTEO SAMUEL WEINER    on behalf of Creditor    Wilmington Savings Fund Society, FSB, Et Al...  
         bkgroup@kmllawgroup.com  
        THOMAS I. PULEO    on behalf of Creditor    Wilmington Savings Fund Society, FSB, Et Al...  
         tpuleo@kmllawgroup.com,    bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM HRONIS    on behalf of Debtor Cassandra Sherese Carey william.hronis@gmail.com,  
         hronis@rcn.com  
                                                                                                                            TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cassandra Sherese Carey a/k/a Cassandra S. Carey a/k/a Cassandra Carey <br>                        Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust <br>                        Movant <br> vs. | NO. 15-13763 REF <br><br> 11 U.S.C. Section 362 |
| Cassandra Sherese Carey a/k/a Cassandra S. Carey a/k/a Cassandra Carey <br>                        Debtor <br><br> Frederick L. Reigle <br>                        Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,958.20,** which breaks down as follows;

Post-Petition Payments:   November 2016 through January 2017 at $1,664.33/month and February 2017 to August 2017 at $1,562.03/month
Fees & Costs Relating to Motion:   $1,031.00
Post-Petition Arrears:            $16,958.20

Less: moneys held in suspense for payments remitted on July 11, 2017 in the amount of $1,562.03 and on July 28, 2017 in the amount of $1,568.03.

**Total Post-Petition Arrears to be cured: $13,828.14**

2. The Debtor has filed a Third Amended Chapter 13 Plan providing for the cure of the post-petition arrears in the amount of $13,814.14, which is short by the amount of $14.00.

3. The Debtor shall cure said arrearages in the following manner:



a). in accordance with the Third Amended Chapter 13 Plan providing for the post-petition arrears in the amount of $13,814.14, plus the shortage of $14.00 to be remitted with the next regular post-petition mortgage payment due on or before September 1, 2017.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$13,828.14.**

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Beginning with the payment due September 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,562.03 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.



9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 3, 2017

By: /s/ *Thomas I. Puleo, Esquire*
Thomas I. Puleo, Esquire
Attorney for Review
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: August 4, 2017

William Hronis
Attorney for Debtor

Date: 8/7/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the Court retains discretion regarding entry of any further order.

**Date: August 10, 2017**

Bankruptcy Judge
Richard E. Fehling